IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTINE A. GAMBLE, :
    Plaintiff : Action No. 3:16-CV-1443
     :
v. : (Judge Nealon)
     :
NANCY A. BERRYHILL,[1] : (Magistrate Judge Saporito, Jr.)
Acting Commissioner of Social Security, :
    Defendant :

## MEMORANDUM

## Background

On July 12, 2016, Plaintiff, Christine A. Gamble, filed a complaint seeking review of the Commissioner of the Social Security Administration's, ("Commissioner"), denial of her application for disability insurance benefits under Title II of the Social Security Act. (Doc. 1). On September 21, 2016, Defendant filed an Answer and Transcript. (Docs. 5 and 6). On November 7, 2016, Plaintiff filed a brief in support of her complaint. (Doc. 7). On December 12, 2016, Defendant filed a brief in opposition. (Doc. 8). Plaintiff did not file a reply brief.

---

1. Nancy A. Berryhill became the new Acting Commissioner of Social Security on January 23, 2017. See http://blog.ssa.gov/meet-our-new-acting-commissioner/. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

A Report and Recommendation, ("R&R"), was issued by United States Magistrate Judge Joseph F. Saporito, Jr., on September 19, 2017, recommending that the appeal be denied, the decision of the Commissioner be affirmed, and final judgment be entered in favor of Defendant and against Plaintiff. (Doc. 10). On September 28, 2017, Plaintiff filed objections. (Doc. 11). The matter is now ripe for review. Having reviewed the reasoning of the Magistrate Judge, the R&R will be adopted in its entirety.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court") (citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process")). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3.

In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

Upon review of the present appeal, it is concluded that the Magistrate Judge did not err in finding that substantial evidence supports the administrative law judge's ("ALJ") decision that Plaintiff was not disabled. The Magistrate Judge appropriately sets forth the standard for reviewing a Social Security appeal and the sequential evaluation process used by an administrative law judge to determine whether the claimant is disabled, which are herein adopted as such. (Doc. 10, pp. 12-16). The Magistrate Judge also thoroughly reviews the case background,

medical records, and the ALJ's decision, also herein adopted as such. (Doc. 10, pp. 1-12, 16-17). Ultimately, Magistrate Judge Saporito determines that the ALJ did not err in determination of Plaintiff's RFC or in concluding that Plaintiff could perform past relevant work in accordance with the RFC determination. (Id. at pp. 16-30).

On September 28, 2017, Plaintiff filed objections to the R&R. (Doc. 11). However, a review of the objections reveal they are all reiterations of arguments Plaintiff raised in her complaint and support brief that were addressed in the R&R by Magistrate Judge Saporito. See (Doc. 7, pp. 13-20); (Doc. 10, pp. 16-30). Consequently, because Plaintiff is merely repeating arguments that were thoroughly addressed by the Magistrate Judge and is not making specific objections to the R&R, judicial economy[2] demands they be reviewed for clear error as opposed to de novo review. See Hutson v. Vaughn, 2004 WL 717178 (E.D. Pa. 2004) (overruling the objections after determining that petitioner's objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation), affirmed, 262 Fed. Appx. 474 (3d Cir. 2008); see also Cruz, 990 F. Supp. at 377 (In the absence of specific objections, review may properly be limited to ascertaining

---

[2]The United States District Court for the Middle District of Pennsylvania currently has approximately three-hundred and fifty (350) pending Social Security Disability Appeals.

4

whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.).

After a review of the record and the R&R, it is determined that the there is no clear error in the Magistrate Judge's conclusion that substantial evidence supports the ALJ's decision. Therefore, Magistrate Judge Saporito's Report and Recommendation, (Doc. 10), will be adopted, Plaintiff's objections, (Doc. 11), will be overruled, Plaintiff's appeal will be denied, the decision of the Commissioner will be affirmed, and final judgment will be entered in favor of Defendant and against Plaintiff.

A separate Order will be entered.

**Date:** September 29, 2017

/s/ William J. Nealon
**United States District Judge**